**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| J. D., a minor, by and through his next friend, JESSICA ROWE, 2295 E Fox Sedge Way West Chester, OH 45069 | CASE NO.  1:15-CV-674 |
| and | Judge |
| JESSICA ROWE 2295 E Fox Sedge Way West Chester, OH 45069 | |
| *Plaintiffs,* | |
| vs. | **ORIGINAL COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT** |
| UNITED STATES OF AMERICA c/o Loretta E. Lynch U.S. Attorney General U.S. Department of Justice 950 Pennsylvania Avenue, NW Washington, DC 20530-0001 | **CLAIM OF UNCONSTITUTIONALITY** |
| Please also Serve: Carter M. Stewart U.S. Attorney for the Southern District of Ohio Cincinnati Branch Office 221 East 4th Street, Suite 400 Cincinnati, Ohio 45202 | |
| *Defendant.* | |

Plaintiffs J.D., a minor by and through his natural guardian, Jessica Rowe, and

Jessica Rowe, hereby state their causes of action against the United States of America, as

follows:

## Parties, Jurisdiction, and Venue

1.     Plaintiff J.D. is a minor, residing with his mother, Plaintiff Jessica Rowe, in

Hamilton, Ohio.

2.  Plaintiff J.D. and Plaintiff Jessica Rowe are domiciled in and citizens of Butler County, Ohio located in the Southern District of Ohio.

3.  The claims herein are brought against the Defendant United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.* and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of agents and/or employees of the United States Government while acting within the scope of their offices and employment/agency, under circumstances where the Defendant United States of America, if a private person, would be liable to the Plaintiffs in accordance with the laws of the State of Ohio.

4.  Jurisdiction in United States District Court, Southern District of Ohio, Western Division is proper under 28 USC § 1346.

5.  All or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of Ohio, and arose from the negligent medical care received by Plaintiff J.D., and his mother, Plaintiff Jessica Rowe.

6.  Venue is proper in the Southern District of Ohio under 28 USC § 1402.

7.  Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

8.  Plaintiffs timely served notice of their claim on U.S. Department of Health and Human Services, 330 C St., SW, Switzer Building, Suite 2600, Washington, D.C. 20201 in October, 2014. Attached hereto and titled "Exhibit 1" are dated copies of the administrative claims.

9.     The Agency issued a final denial of the claim on October 6, 2015, attached as Exhibit 2.

10.    Accordingly, this suit has been timely filed.

### FACTS FORMING THE BASIS OF THIS COMPLAINT

11.    Every allegation set forth in the preceding paragraphs is hereby incorporated as if fully rewritten herein.

12.    In 2012 and 2013, Plaintiff Jessica Rowe was treated at Butler County Community Health Consortium dba Primary Health Solutions (hereafter "Primary Health Solutions"), located at 201 S 2nd St, 2nd Floor, Hamilton, Ohio 45011, which is supported by the U.S. Department of Health and Human Services (DHHS), under grant number H80CS08753.

13.    Plaintiff Jessica Rowe was a victim of medical malpractice, including, but not limited to, the negligent prescription of birth-defect inducing medication by Primary Health Solutions employees.

14.    Nurse Practitioner Trisha DeLong, CNP, prescribed Lisinopril to Jessica in 2012 for the treatment of high blood pressure.

15.    The medical literature and warnings associated with Lisinopril advise that the drug should not be prescribed to pregnant women.

16.    It is well documented that Lisinopril causes kidney damage in unborn children.

17.    There are numerous alternative drugs that assist with the management of high blood pressure and do not present risks of birth defects.

18.    Jessica was unaware she was pregnant when she was treated by Nurse Practitioner DeLong on October 22, 2012 and February 4, 2013.

19. No representative of Primary Health Solutions, including Nurse Practitioner DeLong, advised Jessica of the dangers of taking Lisinopril while pregnant.

20. At all times relevant to this case, the supervising provider to Nurse Practitioner DeLong was Michael Armentrout, MD.

21. During Nurse Practitioner DeLong's treatment of Jessica, she was aware Jessica was sexually active and noted in the medical records that Jessica was premenopausal, was not on birth control, and had a history of irregular menses with Jessica's last menses occurring seven months earlier.

22. At no time during the course of treatment by Nurse Practitioner DeLong was Jessica's Lisinopril prescription discontinued.

23. At no time during the course of treatment by Nurse Practitioner DeLong was Jessica given a pregnancy test.

24. During her treatment, Jessica complained to Nurse Practitioner DeLong of irregular periods, and of the absence of menstruation for months.

25. On February 28, 2013, Jessica visited the emergency room with complaints of abdominal pain and a missed period. After an ultrasound, Jessica was diagnosed as 22-23 weeks pregnant.

26. The hospital's obstetrician instructed Jessica to immediately discontinue her use of Lisinopril.

27. Plaintiff J.D. was born three months later with cysts on both kidneys, and a completely non-functioning left kidney.

28. J.D.'s left kidney was removed in 2014.

29. J.D.'s right kidney continues to be monitored.

### FIRST CAUSE OF ACTION
### Negligence

30. Each and every allegation set forth in the preceding paragraphs is hereby incorporated as if fully rewritten herein.

31. Defendant United States of America owed a duty to exercise the care that fell within accepted standards of care exercised by health care providers in like or similar circumstances, which included, but is not limited to, the following duties to Jessica Rowe and J.D.:

   a. the duty to diagnose Jessica's pregnancy;
   b. the duty to determine whether Jessica was a suitable candidate for Lisinopril;
   c. the duty to monitor Jessica's physical condition;
   d. the duty to administer pregnancy tests when justified by Jessica's symptoms;
   e. the duty to properly supervise the care provided by nurse practitioners.

32. Defendant United States of America's actions negligently fell below the accepted standard of care and breached its duties to Jessica Rowe and J.D. by, among other actions:

   a. failing to diagnose Jessica's pregnancy;
   b. failing to determine whether Jessica was a suitable candidate for Lisinopril;
   c. failing to properly monitor Jessica's physical condition;
   d. failing to administer pregnancy tests when justified by Jessica's symptoms;
   e. failing to properly supervise the care provided by nurse practitioners.

33. As a direct and proximate result of the negligence and substandard care of Defendant United States of America, Plaintiff J.D. was born with permanent and substantial injuries, including a non-functioning left kidney, and cysts on both kidneys.

34. As a further direct and proximate result of the negligence and substandard care of Defendant United States of America, Plaintiff J.D. has experienced and will continue to experience extensive pain and suffering and loss of enjoyment of life and also will endure future loss of ability to earn wages.

35. As a further direct and proximate result of the negligence of Defendant United States of America, Plaintiff J.D. has suffered permanent and substantial physical deformity and the loss of a bodily organ system.

36. As a further direct and proximate result of the negligence of Defendant United States of America, Plaintiffs have incurred medical expenses in excess of $74,000, and will continue to incur additional medical expenses, the exact amount of which cannot be determined at the time of filing of this complaint.

37. Plaintiffs have attached an affidavit of merit executed by a physician, confirming negligence, proximate cause, and damages as Exhibit 3.

38. Plaintiffs state that the caps on noneconomic damages found in R.C. 2323.43 do not apply and, if found to apply, are unconstitutional.

## SECOND CAUSE OF ACTION
### Vicarious Liability

39. Every allegation set forth in the preceding paragraphs is hereby incorporated as if fully rewritten herein.

40. At all times relevant to this case, Nurse Practitioner Trisha DeLong, CNP, held herself out to be a duly licensed nurse practitioner qualified to evaluate and treat patients.

41. At all times relevant to this case, Nurse DeLong was employed by or acting on behalf of Primary Health Solutions.

42. At all times relevant, Michael Armentrout, MD held himself out to be a duly licensed doctor qualified to evaluate and treat patients.

43. At all times relevant, Dr. Armentrout was employed by or acting on behalf of Primary Health Solutions.

44. Under the doctrines of agency and/or respondeat superior, Primary Health Solutions is liable for the negligent conduct of Nurse DeLong and Dr. Armentrout and the resulting damages, explained above, that were caused by such negligent conduct.

45. Under the doctrines of agency and/or respondeat superior, the United States of America is liable for the negligent conduct of Nurse DeLong, Dr. Armentrout, and Primary Health Solutions and the resulting damages, explained above, that were caused by such negligent conduct.

### THIRD CAUSE OF ACTION
**Loss of Consortium**

46. Every allegation set forth in the preceding paragraphs is hereby incorporated as if fully rewritten herein.

47. At all times relevant, Jessica Rowe was the mother of J.D.

48. Jessica Rowe is entitled to the companionship and consortium of her son.

49.     As a direct and proximate result of the tortious conduct of Defendant United States of America, Jessica lost, and in the future will continue to lose, the companionship and consortium of her son.

WHEREFORE, Plaintiffs are entitled to damages from the United States of America, and hereby request that judgement be entered in their favor and against the United States of America in the amount of $5,000,000, in addition to costs, attorneys' fees, and any other relief deemed proper by this Court.

WHEREFORE, Plaintiff requests that this Court find that R.C. 2323.43 is unconstitutional and has no application to the proceedings in this matter.

Respectfully submitted,

THE MOORE LAW FIRM
A Legal Professional Association


BY:   /s/ Daniel N. Moore
        Daniel N. Moore (0076430)
        Donald C. Moore, Jr.  (0003945)
        1060 Nimitzview Drive, Suite 200
        Cincinnati, Ohio  45230
        Phone: (513) 232-2000
        Fax:    (513) 232-0700
        Email:  danmoore@moorelaw.com
        Trial Attorneys for Plaintiffs