UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

J.D., a minor, by and through JESSICA
ROWE, *et al.*,
    Plaintiffs,

vs.

UNITED STATES OF AMERICA,
    Defendant.

Case No. 1:15-cv-674
Litkovitz, M.J.

**ORDER**

Plaintiffs J.D., a minor, by and through his next friend Jessica Rowe, and Jessica Rowe bring this action for medical negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*[1] This matter is before the court on plaintiffs' motion for partial summary judgment (Doc. 52), defendant's response (Doc. 61), and plaintiffs' reply memorandum (Doc. 62).

**I. Background Facts**

In 2008, Ms. Rowe was diagnosed with hypertension and was prescribed Lisinopril by a doctor in South Carolina. (Dep. of Jessica Rowe; Doc. 57 at 46-47). Lisinopril is a medication that, when used by pregnant women, can cause kidney dysfunction in the unborn fetus. (Dep. of Michael J. Armentrout; Doc. 55 at 108-09). In 2010, Ms. Rowe moved to Ohio and changed her primary care provider to NP DeLong. (Doc. 57 at 21, 57). Unknown to Ms. Rowe, she became pregnant around late summer or early fall of 2012. In October 2012, Ms. Rowe saw NP DeLong for a gynecological appointment. (Dep. of Trisha DeLong; Doc. 54 at 103). NP DeLong knew that Ms. Rowe was sexually active, was not on birth control, had not menstruated since March

---

[1] Plaintiff Rowe was treated by Nurse Practitioner ("NP") Trisha DeLong at Butler County Community Health Consortium d/b/a Primary Health Solutions, which is supported by the U.S. Department of Health and Human Services and, therefore, this claim is actionable under the FTCA. (Doc. 1 at ¶12; Doc. 9 at ¶12); *see also* 28 U.S.C. § 1346(b)(1); 42 U.S.C. § 233; 42 C.F.R §§ 6.1-6.6.

2012, and continued to take Lisinopril. (*Id.* at 110-11). NP DeLong did not perform a pregnancy test and failed to provide Ms. Rowe with information concerning the risks, side effects, and contraindications of taking Lisinopril to a woman of childbearing age. (*Id.* at 110-11, 115-16, 118). NP DeLong admitted that the failure to discuss the risks and contraindications of Lisinopril and perform a pregnancy test at a gynecological visit fell below the standard of care for a patient in Ms. Rowe's circumstances. (*Id.* at 74-76, 119). NP DeLong's supervising physician, Michael Armentrout M.D., also admitted that a medical provider prescribing Lisinopril to a woman of child-bearing years and failing to inform her of the risks and benefits falls below the standard of care. (Doc. 55 at 28, 91-94).

NP DeLong concluded that additional gynecological treatment was needed and referred Ms. Rowe to Dr. Robert Flick for further evaluation.[2] (*See* Doc. 54 at 136; Doc. 57 at 76). At a December 10, 2012 appointment, Dr. Flick failed to discover the pregnancy and Ms. Rowe continued to take Lisinopril. (*See* Dep. of Robert Flick, M.D.; Doc. 60 at 27, 35, 50-53). In late February 2013, Ms. Rowe went to the emergency room ("ER") with pain in her abdomen and lower back. (Doc. 57 at 84-85). ER personnel administered a pregnancy test, which was positive. (*Id.* at 85). Ms. Rowe's son was born in May 2013 with a non-functioning left kidney and cysts on his right kidney. (*Id.* at 101-02).

## II. Summary Judgment

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Summary judgment is only appropriate 'if the pleadings, depositions, answers

---

[2] Dr. Flick did not practice at the Butler County Community Health Consortium and his actions are not attributable to the United States for purposes of FTCA liability.

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment—rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.*

Fed. R. Civ. P. 56(e) provides that when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *See also Celotex Corp.*, 477 U.S. at 322.

A moving party with the burden of proof—typically the plaintiff—faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). As held by the Sixth Circuit, when the party with the burden of proof moves for summary judgment, he or she "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id.*

### III. Resolution

Section 1346(b)(1) of the Federal Tort Claims Act provides a limited waiver of sovereign immunity for personal injury, when the injury is:

> [C]aused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

3

28 U.S.C. § 1346(b)(1). "[T]he FTCA does not create liability, it merely waives sovereign immunity to the extent that state-law would impose liability on a 'private individual in similar circumstances.'" *Myers v. U. S.*, 17 F.3d 890, 899 (6th Cir. 1994) (quoting 28 U.S.C. § 2674).

The act or omission in this action occurred in Ohio and, thus, the Court must look to Ohio law to determine whether a private person would be liable under similar circumstances. Under Ohio law, liability based on medical negligence requires proof of four elements: (1) a duty running from the defendant to the plaintiff; (2) a breach of that duty by the defendant; (3) damages suffered by the plaintiff; and (4) a proximate causal relationship between the breach of duty and the damages. *Schirmer v. Mt. Auburn Obstetrics & Gynecologic Assoc., Inc.*, 844 N.E.2d 1160, 1165 (Ohio 2006). In the instant motion, plaintiff seeks summary judgment only as to the issues of duty and breach.[3] (Doc. 52).

### A. Duty and Breach

Defendant concedes that NP DeLong had a duty and breached that duty: "The United States does not dispute that NP DeLong owed Ms. Rowe a duty of care, and that her treatment fell below the applicable standard of care." (Doc. 61 at 5). Because the parties do not dispute that NP DeLong had a duty of care and breached that duty, partial summary judgment on the issues of duty and breach is appropriate.

### B. Causation and Damages

While plaintiffs do not directly ask for partial summary judgment on causation and damages, the parties have included some analysis on those issues in their partial summary judgment briefs before this Court. (Doc. 61 at 6; Doc. 62 at 2). The Court declines to address

---

[3] *See Anestis v. United States*, 52 F. Supp. 3d 854 (E.D. Ky. 2014) (granting partial summary judgment on a negligence claim as to the issues of duty and breach); *see also McMillen v. Ford Motor Co.*, No. 3:07-cv-309, 2009 WL 5169871, at *1 (W.D. Ky. Dec. 20, 2009) (granting partial summary judgment as to the issue of duty on plaintiff's negligence claim); *see also Kerner v. Terminix Int'l Co., LLC*, No. 2:04-cv-735, 2008 WL 163609, at *3 (S.D. Ohio Jan. 17, 2008) (granting partial summary judgment as to the elements of duty and breach on plaintiffs' negligence claim).

the elements of causation and damages at this time as plaintiffs have not moved for summary judgment on these elements.

## IV. Conclusion

Based on the foregoing, plaintiffs' motion for partial summary judgment (Doc. 52) is **GRANTED** as to the issues of duty and breach.

**IT IS SO ORDERED.**

Date: 6/20/17

Karen L. Litkovitz
United States Magistrate Judge